IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSE CRUZ,

    Petitioner,

v.                                                    CASE NO. 5:13-cv-360-LC-GRJ

U.S. DEPT. OF IMMIGRATION AND
NATURALIZATION SERVICE,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing Doc. 1, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in the Southern District of Florida. The case was transferred because Petitioner is confined at Apalachee Correctional Institution Annex, a facility in the Northern District of Florida. (Docs. 4, 5.) Petitioner is serving a life sentence in the custody of the Florida Department of Corrections (DOC). Petitioner contends that he is a non-deportable Cuban who is subject to an Immigration and Customs Enforcement (ICE) detainer that prevents the DOC from reducing his custody classification. Petitioner seeks removal of the detainer by the DOC.

This Court does not possess subject-matter jurisdiction over the Petition. A prisoner in state or federal prison cannot challenge an ICE detainer by means of a section 2241 habeas petition, because the filing of a detainer against Petitioner with the DOC by ICE does not create custody supporting habeas corpus jurisdiction. *See, e.g.*, *Belasco v. Snyder*, No. 99-3334, 2000 WL 227990, at *1 (8th Cir. Feb. 15, 2000) (*per curiam*) (noting "[w]e conclude that the filing of a detainer with federal prison officials,

merely notifying them that the INS will in the future make a decision regarding [petitioner's] deportation does not create custody supporting habeas corpus jurisdiction"); *Ramirez v. I.N.S.*, 30 Fed. Appx. 510, 511 (6th Cir. 2002) (*per curiam*).

This Court also would lack subject-matter jurisdiction over the Petition even if Petitioner was already in ICE custody.  The immigration code plainly states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [relevant provisions of the immigration code]." 8 U.S.C. § 1252(g).  While the statute creates an exception for "constitutional claims or questions of law," jurisdiction to review such claims is vested exclusively in the courts of appeals and can be exercised only after the alien has first exhausted his administrative remedies.  *See id.* § 1252(a)(2)(D), (a)(5), (b)(4), (d).

Petitioner may only seek relief by means of a writ of habeas corpus in this Court in a very limited set of circumstances. For example, Petitioner would be able to seek habeas relief in this Court if Petitioner was indefinitely detained after removal proceedings against him had concluded, if the government had unreasonably delayed initiating removal against Petitioner, or if the government had punitively detained Petitioner independent of removal.  *Clark v. Martinez*, 543 U.S. 371, 379 (2005); *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Demore v. Kim*, 538 U.S. 510, 528-29 (2003); *Wong Wing v. United States*, 163 U.S. 228, 237 (1896).   None of the very limited circumstances in which a district court may exercise jurisdiction over a petition of habeas corpus by someone in ICE custody are presented in the instant Petition.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that this cause should be **DISMISSED for lack of jurisdiction.**

**IN CHAMBERS** this 31st day of March 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**